IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GEORGE CHRISTIAN, JR., )
)
        Petitioner, )
)
vs. ) Case Number CIV-13-1325-C
)
JEORLD BRAGGS, JR., Warden, )
)
        Respondent. )

## **MEMORANDUM OPINION AND ORDER**

Petitioner has filed a motion pursuant to Fed. R. Civ. P. 60(b) requesting the Court to reconsider its March 22, 2017, Order and Judgment.

In 2013, Petitioner filed a habeas corpus action pursuant to 28 U.S.C. § 2254, arguing his state court conviction violated his constitutional rights. By Order dated March 22, 2017, the Court denied his Motion, finding no constitutional violation. Petitioner sought to appeal and the Court denied his request for a Certificate of Appealability ("COA"). The Tenth Circuit denied Petitioner's request for a COA made in that Court, and dismissed the appeal. Petitioner now seeks to reopen his case pursuant to Fed. R. Civ. P. 60(b).

The Court's first step is to determine if Petitioner's claim is, in fact, a second or successive habeas petition. If the present Motion is a second or successive § 2254 motion, the Court must transfer it to the Tenth Circuit or dismiss it. On the other hand, if the Motion is a "true" Rule 60(b) motion, the Court may consider it on the merits. A "true" Rule 60(b) motion:

> (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) (citations omitted). Upon review of the claims raised by Petitioner, the Court finds the Motion must be construed as second or successive. In his Motion, Petitioner argues the Court's earlier Order erred in certain of its rulings related to his ineffective assistance claims and that he now has newly discovered evidence which entitles him to habeas relief. Thus, Petitioner's argument challenges or attacks this Court's resolution of his § 2254 motion on the merits. The Supreme Court has held that an argument of this type is not a "true" Rule 60(b) motion, but rather is a "claim." See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005):

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

(footnote omitted). Because Petitioner brings a "claim," this Court is without jurisdiction to entertain his request. Now the Court must consider whether to dismiss or transfer to the Tenth Circuit for certification. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008):

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

The Court finds dismissal to best serve the interest of justice. To the extent the arguments raised by Petitioner rely on Martinez v. Ryan, 566 U.S. 1 (2012), his claims are time barred as that case was decided more than a year ago. Likewise, Petitioner's claims are time barred as they attempt to raise evidence that in the exercise of reasonable diligence could have been discovered prior to the expiration of the one-year limitation for bringing a habeas claim.

For the reasons set forth herein, Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. Nos. 71) is DENIED.

IT IS SO ORDERED this 6th day of February, 2019.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge